■ CLAIRE MAGOWAN, Respondent, v. JAMES McDERMOTT, Appellant.— In an action, inter alia, to recover damages for libel and slander, defendant appeals from an order of the Supreme Court, Westchester County, dated

September 3, 1974, which (1) denied his motion for summary judgment, without prejudice to its renewal after completion of all pretrial procedures, and (2) denied, without prejudice, plaintiff's cross motion for pretrial examination of a witness. Order reversed, on the law, with $20 costs and disbursements, defendant's motion for summary judgment granted and plaintiff's cross motion denied absolutely, as moot. In the spring of 1973 plaintiff, a licensed and practicing public school teacher, chose to become a candidate for election to the Board of Education of the Byram Hills School District in Westchester County. Following screening interviews by the Non-Partisian Nominating Committee of that district (an autonomous and independent body), plaintiff and one other candidate were indorsed by the committee. Defendant was its duly elected chairman. On the following day defendant called a special meeting of the committee and informed its members in confidence that, in the interim, he had received information "from an unimpeachable source" that plaintiff had left the Byram Hills District after having been asked to resign, and not voluntarily, as she had stated to the committee during her interview. The committee thereupon withdrew its indorsement of plaintiff, who then instituted this action. Included in the action is a cause based upon a letter of explanation written by defendant to a local newspaper in answer to its editorial, in which he explained the reason for the committee's change of position. Defendant admits the basic factual assertions in plaintiff's complaint, but contends that he had a duty to report to his committee and to the public whatever information he had received concerning a candidate for public office who had been screened, interviewed and indorsed by the committee; that his statements were true and were uttered as fair comment without malice; that the "unimpeachable source" was a member of the Byram Hills Central School Board; and that such information was germane to the committee's deliberative processes. Defendant concludes that good faith communications by a chairman to his committee on a subjct of vital mutual concern are privileged. We agree. As was stated in *Garrison* v. *Louisiana* (379 U. S. 64, 77): "The public-official rule protects the paramount public interest in a free flow of information to the people concerning public officials, their servants. To this end, anything which might touch on an official's fitness for office is relevant. Few personal attributes are more germane to fitness for office than dishonesty, malfeasance, or improper motivation, even though these characteristics may also affect the official's private character. As the Kansas Supreme Court said in *Coleman* v. *MacLennan*, speaking of candidates: 'Manifestly a candidate must surrender to public scrutiny and discussion so much of his private character as affects his fitness for office * * * 78 Kan. 711, 739'". In *New York Times Co.* v. *Sullivan* (376 U. S. 254, 270) the rule was put as follows: "debate on public issues should be uninhibited, robust, and wide-open * * * it may well include vehement, caustic and sometimes unpleasant attacks on * * * public officials." Public figures or those who hold governmental office "may recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falisity or with reckless disregard for the truth" (*Gertz* v. *Robert Welch, Inc.*, 418 U. S. 323, 342). We find none of these elements here. Defendant's source of information was both official and reputable. He took additional steps to confirm the information and would have been derelict in his responsibility as chairman had he not conveyed the information to the members of his committee. We find no malice, but rather a proper regard for the conscientious discharge of a duty. Gulotta, P. J., Martuscello, Latham and Shapiro, JJ., concur.